IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PAULA LANDRY | * | CIVIL ACTION NO._____ |
| PLAINTIFF, | * | |
| | * | |
| v. | * | |
| | * | COMPLAINT |
| CAINE & WEINER COMPANY, INC. | * | |
| DEFENDANT | * | |

## PLAINTIFF'S COMPLAINT

Plaintiff, PAULA LANDRY ("Plaintiff"), through her attorneys, JONATHAN P. HILBUN, alleges the following against CAINE & WEINER COMPANY, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* ("FDCPA").

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the State of Louisiana, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Port Sulphur, Plaquemines Parish, Louisiana.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Defendant is a debt collection company located in Woodland Hills, California.

## FACTUAL ALLEGATIONS

10. Defendant places telephone calls to Plaintiff in its attempts to collect an alleged debt.

11. Upon information and belief, the alleged debt Defendant is trying to collect is from medical services / treatment.

12. Upon information and belief, Defendant is attempting to collect on a Sears credit card.

13. When Plaintiff is unable to answer Defendant's telephone calls, Defendant leave voicemail messages for Plaintiff.  See voicemail transcript, attached hereto as Exhibit A.

14. In or around May of 2012, Defendant left a voicemail message for Plaintiff.  See Exhibit A.

15. Defendant did not identify the name of Defendant's company.  See Exhibit A.

16. Defendant also failed to inform Plaintiff that it was a debt collector or that it was calling about a debt.  See Exhibit A.

17. Instead, Defendant informed Plaintiff that her "immediate attention is needed" and that Defendant's collector "must speak with you [Plaintiff] immediately."  See Exhibit A.

18. Defendant's message did not provide Plaintiff with enough information to independently ascertain the purpose for the call and the company that was calling her.  See Exhibit A.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

19. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of the debt;

    b. Defendant violated §1692d(6) of the FDCPA by placing telephone calls without providing meaningful disclosure of Defendant's identity;

    c. Defendant violated §1692e(10) of the FDCPA by using false representations and/or deceptive means to attempt to collect a debt by leaving voicemail messages for Plaintiff that provided Plaintiff with no information about the nature of its calls and expressed a sense of urgency to speak with Plaintiff;

    d. Defendant violated §1692e(11) of the FDCPA by failing to disclose in communications that the call was from a debt collector.

WHEREFORE, Plaintiff, PAULA LANDRY, respectfully requests judgment be entered against Defendant, CAINE & WEINER COMPANY, INC. for the following:

20. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

21. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k , and

22. Any other relief that this Honorable Court deems appropriate.

                                                RESPECTFULLY SUBMITTED,

Dated: <u>August 10, 2012</u>                By:<u> /s/ Jonathan Hilbun</u>
                                                Jonathan P. Hilbun
                                                Attorney for Plaintiff
                                                2404 Middlecoff Drive
                                                Gulfport MS 39507
                                                Tel: 504-214-0459
                                                jonathan.hilbun@gmail.com