UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PAULA LANDRY                                              CIVIL ACTION

VERSUS                                                    NO. 12-2060

CAINE & WEINER COMPANY, INC.                              SECTION "N" (2)

## FINDINGS AND RECOMMENDATION

This is an action under the federal Fair Debt Collection Practices Act. On May 21, 2013, after plaintiff accepted defendant's offer of judgment, Record Doc. No. 16, judgment was entered in favor of plaintiff Paula Landry ("Landry") and against defendant Caine & Weiner Company, Inc. ("Caine") in the amount of $1,000, plus reasonable attorney's fees and costs. Record Doc. No. 21. Landry filed a timely motion for attorney's fees and costs, which Judge Engelhardt referred to me for "preparation of a report and recommendation for disposition." Record Doc. Nos. 25 and 26. Caine filed a timely opposition memorandum. Record Doc. No. 28.

Having reviewed the written submissions of the parties, the record and the applicable law, and for the following reasons, I find and recommend that plaintiff's motion should be GRANTED IN PART AND DENIED IN PART, in that Landry should be awarded the amount of $3,400.00 in reasonable attorney's fees, plus $395.00 in costs, as already taxed by the Clerk of Court, Record Doc. No. 27, for a total of $3,795.00.

In her motion, Landry seeks $7,329.50 in attorney's fees and $395.00 in costs. Record Doc. No. 25. The motion is supported by (1) plaintiff's Exhibit A, Record Doc. No. 25-3, a "Statement of Services" of plaintiff's attorneys; (2) four affidavits of counsel for plaintiff; and (3) the United States Consumer Law Attorney Fee Survey Report 2010-2011, Plaintiff's Exh. C, Record Doc. No. 25-5.

Defendant "does not oppose [p]laintiff's request for costs" and "recognizes [p]laintiff's entitlement to <u>reasonable</u> attorney's fees." It argues, however, that "the full sum of attorney's fees sought by [p]laintiff, . . . is excessive" and should be significantly reduced. Record Doc. No. 28 at pp. 1 and 2 (emphasis in original).

A.  <u>Standards for an Award of Attorney's Fees</u>

The lodestar method is routinely used to determine attorney's fee awards in federal civil actions and applies in this case brought under a federal statute. Under the lodestar method,

> The determination of a fees award is a two-step process. First the court calculates the "lodestar[,]" which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. The court should exclude all time that is excessive, duplicative, or inadequately documented. Once the lodestar amount is calculated, the court can adjust it based on the twelve factors set forth in <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714, 717-19

(5th Cir. 1974)[, abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87 (1989)].

Jimenez v. Wood Cnty., 621 F.3d 372, 379-80 (5th Cir. 2010) (citations omitted).

"The lodestar may not be adjusted due to a Johnson factor, however, if the creation of the lodestar award already took that factor into account. Such reconsideration is impermissible double-counting." Heidtman v. County of El Paso, 171 F.3d 1038, 1043 (5th Cir. 1999) (citing City of Burlington v. Dague, 505 U.S. 557, 562 (1992); Shipes v. Trinity Indus., 987 F.2d 311, 319-20 (5th Cir. 1993)); accord Perdue v. Kenny A., 130 S. Ct. 1662, 1669 (2010).

The Johnson factors are:

(1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases.

Johnson, 488 F.2d at 717-19.

"[O]f the Johnson factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." Migis v. Pearle Vision, Inc., 135 F.3d 1041, 1047 (5th Cir. 1998) (citation omitted). Three of the Johnson factors, complexity

3

of the issues, results obtained and preclusion of other employment, are presumably fully reflected and subsumed in the lodestar amount. Heidtman, 171 F.3d at 1043 (quoting Pa. v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986); Shipes, 987 F.2d at 319-22 & n.9). After Johnson was decided, the "Supreme Court has barred any use of the sixth factor," whether the fee is fixed or contingent. The Johnson factors are taken into account after the court has determined the lodestar amount. Walker v. U.S. Dep't of Housing & Urban Dev., 99 F.3d 761, 772 (5th Cir. 1996) (citing City of Burlington, 505 U.S. at 567).

The lodestar "is presumptively reasonable and should be modified only in exceptional cases." Watkins v. Fordice, 7 F.3d 453, 457 (5th Cir. 1993) (citing City of Burlington, 505 U.S. at 562); accord Perdue, 130 S. Ct. at 1669, 1673; Smith & Fuller, P.A. v. Cooper Tire & Rubber Co., 685 F.3d 486, 490 (5th Cir. 2012); Jimenez, 621 F.3d at 380. Although the party seeking attorney's fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the attorney's qualifications and skill, the party seeking reduction of the lodestar bears the burden of showing that a reduction is warranted. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Wegner v. Std. Ins. Co., 129 F.3d 814, 822 (5th Cir. 1997); La. Power & Light Co. v. Kellstrom, 50 F.3d 319, 329 (5th Cir. 1995) (hereinafter "LP&L").

B.      The Requested Rates and Hours Are Contested and Too High

The requested number of hours and billing rates requested by plaintiff as reflected in the evidence have been summarized by plaintiff as follows:

| Timekeeper | Experience | Requested Hours | Hourly Rate | Requested Fees |
|---|---|---|---|---|
| Kenneth Waguespack | 10 years | 0.40 | $350 | $ 142.00 |
| Jonathan Hilbun | 16 years | 6.40 | $350 | $ 2,272.00 |
| Douglas Baek | 5 years | 5.70 | $285 | $ 1,653.00 |
| Jessica Pascale | 5 years | 5.80 | $285 | $ 1,682.00 |
| Adam Hill | 6 years | 5.10 | $285 | $ 1,479.00 |
| Paralegal | unknown | 0.70 | $140 | $ 101.50 |
| TOTAL | | 24.10 | | $ 7,329.50 |

Record Doc. No. 25-3 at p. 2. It is the court's responsibility to determine the reasonable number of hours expended and the reasonableness of the rates charged.

An attorney's requested hourly rate is prima facie reasonable when he requests that the lodestar be computed at his customary billing rate, the rate is within the range of prevailing market rates and the rate is not contested. La. Power & Light Co. v. Kellstrom, 50 F.3d 319, 329 (5th Cir. 1995). In this instance, Caine has contested the requested hourly rates.

"Hourly rates are to be computed according to the prevailing market rates in the relevant legal market, not the rates that lions at the bar may command." Hopwood v. Texas, 236 F.3d 256, 281 (5th Cir. 2000) (quotation omitted); accord McClain v. Lufkin

5

Indus., Inc., 649 F.3d 374, 381 (5th Cir. 2011). "The relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits. Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there." Tollett v. City of Kemah, 285 F.3d 357, 368 (5th Cir. 2002) (quotation and citations omitted); accord McClain, 649 F.3d at 381; Thompson v. Connick, 553 F.3d 836, 867-68 (5th Cir. 2008), rev'd on other grounds, 131 S. Ct. 1350 (2011).

    I find that the hourly rates listed above for plaintiff's attorneys and paralegal are above the high end of the range of prevailing market rates for lawyers and paralegals with comparable experience in the New Orleans area legal market, and do not reflect prevailing local rates. In addition, they are excessive, especially in a simple collection matter of the sort represented by the case. For example, Hill practices principally in Illinois and New York, and Pascale, Baek and their paralegal work principally in California, where higher rates than those charged locally generally prevail. The rates charged by local lawyers Waguespack and Hilbun are ordinarily awarded in this court only to lawyers with substantially more experience or in complex cases or in practice areas in which more novel expertise is required.

Instead of the rates sought by plaintiff, I find that the range of rates listed in the decisions of this court set forth as follows are reasonable in this case. See Thompson, 553 F.3d at 868 (approving hourly rates of $202 to $312 for experienced attorneys and $67 to $112 for paralegals as "at the upper range of what was reasonable in the" Eastern District of Louisiana from 2003 to 2007); Cedotal v. Whitney Nat'l Bank, No. 94-01397, 2010 WL 5582989, at *13 (E.D. La. Nov. 10, 2010) (Chasez, M.J.), report & recommendation adopted as modified,[1] 2011 WL 127157 (E.D. La. Jan. 14, 2011) (Lemmon, J.) (awarding rates of $315 for senior partners, $250 for junior partners and $150 for associates in 15-year-long ERISA litigation, based on current reasonable rate awards in this district); Ranger Steel Servs., LP v. Orleans Materials & Equip., Co., No. 10-112, 2010 WL 3488236, at *1, *3 (E.D. La. Aug. 27, 2010) (Barbier, J.) (rejecting hourly rates of $445 to $475 charged by partner and of $315 to $340 charged by associate in Houston law firm in breach of contract case; awarding the rates charged by New Orleans co-counsel of $360 in 2009 and $395 in 2010 for highly experienced partner's work); Hebert v. Rodriguez, No. 08-5240, 2010 WL 2360718, at *2 (E.D. La. June 8, 2010) (Barbier, J.), aff'd, 430 F. App'x 253 (5th Cir. 2011) (rejecting requested rate of $350 and awarding $300 per hour to "a seasoned civil rights attorney with over

---

[1] The magistrate judge's report and recommendation was modified slightly to adjust the hours, but not the hourly rates.

7

33 years of experience"); Braud v. Transp. Serv. Co., No. 05-1898, 2010 WL 3283398, at *15 (E.D. La. Aug. 17, 2010) (Knowles, M.J.) (hourly rates of $200 for attorney with 30 years of experience and $75 for paralegal "are within the low end of the range of the market rate in this area and . . . are reasonable"); Oreck Direct, LLC v. Dyson, Inc., No. 07-2744, 2009 WL 1649503, at *4 (E.D. La. June 8, 2009) (Vance, J.) (in case brought under the Lanham Act and Louisiana Unfair Trade Practices Act, rates charged by national law firm of $440-$470 for an associate, and $530 and $765 for two partners, were excessive, when "the top rate for partner-level attorneys [in the New Orleans market] is between $400 and $450 per hour;" awarding a single rate of $400 for all three attorneys "as more in line with local rates for similar services"); Wells v. Regency Hosp. Co., No. 07-3775, 2008 WL 5273712, at *3 (E.D. La. Dec. 15, 2008) (Roby, M.J.) (reviewing cases, finding that $115 per hour for paralegal work was excessive and awarding $64 per hour); Combe v. Life Ins. Co., No. 06-8909, 2008 WL 544547, at *3 (E.D. La. Feb. 27, 2008) (Livaudais, J.) (awarding $250 per hour for attorneys who had practiced for more than 20 years in the relevant legal field and $70 per hour for paralegal work).

  Applying the foregoing standards, I find that the following hourly rates are more appropriate and reasonable, within the range of prevailing market rates for attorneys and

paralegals of comparable skill and experience in non-complex litigation of this type in the New Orleans legal market:

| Attorney | Experience | Awardable Hourly Rate |
|---|---|---|
| Jonathan Hilbun | 16 years | $ 250.00 |
| Kenneth Waguespack | 10 years | $ 225.00 |
| Douglas Baek | 5 years | $ 200.00 |
| Jessica Pascale | 5 years | $ 200.00 |
| Adam Hill | 6 years | $ 200.00 |
| Paralegal | unknown | $ 100.00 |

Next, I must determine the reasonable number of hours that Landry's counsel expended on the litigation. The evidence they have submitted indicates that they seek reimbursement for 24.1 hours spent on this case.

As an initial matter, I find that the 0.4 hours expended by Kenneth Waguespack should be deleted from the calculation. The only work performed by Waguespack reflected in counsel's statement of services occurred on March 28, 2013, when he "reviewed, approved and filed" plaintiff's notice of acceptance or defendant's offer of judgment." It is unclear what justified the need for a new attorney do enroll in the case to do these things when the statement reflects that both Hilbun and Baek had essentially already performed the same work, and Hilbun – a local lawyer – was already designated on the court's docket sheet as "lead attorney" and could just as easily have filed it. Accordingly, Waguespack's 0.4 hours and fees billed should be deducted from the total fees sought by plaintiff.

9

Similar duplication of effort and redundancy of attorney effort is reflected throughout the statement, caused apparently by the dedication of five (5) lawyers and a paralegal to work on a simple collection matter that could have just as easily been handled by a single – or at most – two lawyers. For example, three different lawyers had a hand in preparing or reviewing plaintiff's written discovery requests, two were involved in the ministerial matter of setting a settlement conference, and three were involved in preparing the vanilla complaint.

Defendant argues that plaintiff achieved only marginal success because plaintiff recovered only $1,000.00, the amount of available statutory damages. "[T]he amount sought in a plaintiff's complaint is relevant to the degree of success obtained, but is ultimately only one of several factors to consider, in the district court's 'measured exercise of discretion'" when determining an attorney's fees award. Roussell v. Brinker Int'l, Inc., 441 F. App'x 222, 234 (5th Cir. 2011) (quoting Farrar v. Hobby, 506 U.S. 103, 114 (1992)). While I do not conclude that the recovery of statutory damages in this case can be characterized as marginal success, I find that – like the duplication of effort and redundancy caused by the overstaffing of this matter by plaintiff's counsel – the limited amount of actual litigation activity that should have been required to obtain it is inflated in the submissions of plaintiff's counsel.

After deducting the time attributed to Waguespack, I find and recommend that the overstaffing by plaintiff of this relatively simple case and the duplication and redundancy of attorney work caused by this overstaffing should result in an additional 33 percent reduction in the amount of hours reasonably expended on this case. See Jimenez, 621 F.3d at 380 (affirming district court's reduction of plaintiff's fee request by 25 percent to reflect dismissal of one defendant when facts and issues raised by plaintiff's claims against both defendants were too intertwined to segregate fees and additional reduction of 20 percent based on Johnson factors). I find that this figure is the lodestar amount of reasonable and awardable fees. After making these deductions, the awardable fees are as follows.

| Timekeeper | Requested Hours | 33 % Reduction Reasonable Hours | Reas. Fees Hourly Rate | Subtotal |
|---|---|---|---|---|
| Jonathan Hilbun | 6.40 | 4.3 | $250 | $1,070.00 |
| Douglas Baek | 5.70 | 3.8 | $200 | $760.00 |
| Jessica Pascale | 5.80 | 3.9 | $200 | $780.00 |
| Adam Hill | 5.10 | 3.4 | $200 | $680.00 |
| Paralegal | 0.70 | 0.5 | $100 | $50.00 |
| TOTAL | 23.70 | | | |

This recommendation brings the reasonable fees down to $3,400.00, or about 46 percent of plaintiff's original request.

After eliminating the Johnson factors that are subsumed in the lodestar or prohibited from consideration, only four factors remain for an adjustment analysis: the

11

customary fee, the undesirability of the case, the nature and length of the professional relationship with the client, and awards in similar cases. The customary fee appears to be the fee reflected in the billing statements and has already been evaluated above in establishing a reasonable hourly rate. The nature and length of the professional relationship between Landry and her attorneys is unclear, but it is of minimal importance in this overall context. The case was not undesirable, if properly staffed. Awards in similar cases have already been taken into account above in establishing the hourly rates. Accordingly, I find that the lodestar amount of attorney's fees in the amount of $3,400.00 is reasonable and awardable.

    C.    <u>Costs</u>

Landry seeks costs in the amount of $395.00. Defendant does not dispute or oppose plaintiff's cost request, Record Doc. No. 28 at p. 2, and the Clerk of Court has already taxed them in that amount. Record Doc. No. 27. Accordingly, judgment should be amended to reflect plaintiff's recovery of costs in the amount of $395.00.

<u>CONCLUSION</u>

For the foregoing reasons, IT IS RECOMMENDED that defendant Caine & Weiner Company, Inc., pay to plaintiff Paula Landry $3,400.00 in reasonable attorney's fees and $395.00 in reimbursable expenses, all as reflected above.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[2]

New Orleans, Louisiana, this   9th   day of August, 2013.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2]Douglass referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.